IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-cv-02762-RPM

UNITED STATES OF AMERICA,
acting through the FARM SERVICE AGENCY,
UNITED STATES DEPARTMENT OF AGRICULTURE,

       Plaintiff,

v.

PATRICK J. ESCH;
ARLENE K. ESCH;
DENNIS L. ESCH; and
KATHLEEN H. ESCH,

       Defendants.

---

## STIPULATED SETTLEMENT AGREEMENT

---

COME NOW Plaintiff United States of America, by and through the United States

Attorney for the District of Colorado, and Defendants Patrick J. Esch, Arlene K. Esch,

Dennis L. Esch, and Kathleen H. Esch, by and through their attorneys Ballew,

Schneider, Covalt, Gaines & Engdahl P.C. L.L.O., and state as follows:

WHEREAS, on December 22, 1998, Plaintiff United States of America, acting

through the Farm Service Agency, United States Department of Agriculture, filed this

civil action in which the United States alleges that on July 10, 1984, L.J. Farms, a

general partnership, executed and delivered three promissory notes payable to the

United States of America.

WHEREAS, Plaintiff United States alleges that Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch each executed each of the said promissory notes as a co-maker in his or her individual capacity.

WHEREAS, Plaintiff United States alleges that the three promissory notes executed on July 10, 1984, are in default.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon the consent of Plaintiff United States, Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, by their authorized representatives and individually by each Defendant, it is hereby stipulated and agreed as follows:

## I.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1345 and 1331.

2.  Defendant Patrick J. Esch resides in the State of Colorado.

3.  Defendant Arlene K. Esch resides in the State of Colorado.

4.  The three promissory notes that are the subjects of this civil action were executed in the State of Colorado and the proceeds of each promissory note were disbursed in the State of Colorado.

5.  Venue is proper in the District of Colorado, pursuant to 28 U.S.C. §§ 1391(b)(2) and (b)(3).

## II.  ADMITTED FACTS

6.  On July 10, 1984, L.J. Farms, a general partnership, executed and delivered a promissory note in the original principal amount of $500,000 payable to the United States of America ("Promissory Note 1").

7.  On July 10, 1984, L.J. Farms, a general partnership, executed and delivered a promissory note in the original principal amount of $235,030 payable to the United States of America ("Promissory Note 2").

8.  On July 10, 1984, L.J. Farms, a general partnership, executed and delivered a promissory note in the original principal amount of $100,000 payable to the United States of America ("Promissory Note 3").

9.  Patrick J. Esch signed Promissory Note 1, Promissory Note 2, and Promissory Note 3 as a co-maker in his individual capacity.

10.  Arlene K. Esch signed Promissory Note 1, Promissory Note 2, and Promissory Note 3 as a co-maker in her individual capacity.

11.  Dennis L. Esch signed Promissory Note 1, Promissory Note 2, and Promissory Note 3 as a co-maker in his individual capacity.

12.  Kathleen H. Esch signed Promissory Note 1, Promissory Note 2, and Promissory Note 3 as a co-maker in her individual capacity.

13.  In or about September, 2005, the United States Department of Agriculture notified Dennis L. Esch and Dennis Esch Farms, Inc., that the Farm Service Agency would use an administrative offset of a Conservation Reserve Program payment to be

3

received by Dennis Esch Farms, Inc., to collect a debt owed by Dennis L. Esch to the United States Department of Agriculture.

14.  In or about September, 2005, the United States Department of Agriculture notified Kathleen H. Esch and Kathleen Esch Farms, Inc., that the Farm Service Agency would use an administrative offset of a Conservation Reserve Program payment to be received by Kathleen Esch Farms, Inc., to collect a debt owed by Kathleen H. Esch to the United States Department of Agriculture.

15.  The United States Department of Agriculture collected approximately $35,327.00 in administrative offsets from Conservation Reserve Program payments to be received by Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc.

16.  Dennis L. Esch and Dennis Esch Farms, Inc., requested a review of the United States Department of Agriculture's decision to use an administrative offset to collect a debt owed by Dennis L. Esch to the United States Department of Agriculture.

17.  Kathleen H. Esch and Kathleen Esch Farms, Inc., requested a review of the United States Department of Agriculture's decision to use an administrative offset to collect a debt owed by Kathleen H. Esch to the United States Department of Agriculture.

18.  Pursuant to the requests of Dennis L. Esch, Dennis Esch Farms, Inc., Kathleen H. Esch, and Kathleen Esch Farms, Inc., a consolidated hearing was held concerning the United States Department of Agriculture's use of administrative offsets.

4

19.  On April 28, 2006, the Hearing Officer issued a determination that the United States Department of Agriculture could not use administrative offsets of Conservation Reserve Program payments to be received by Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc. to collect a debt owed by Dennis L. Esch and Kathleen H. Esch to the United States Department of Agriculture for the reason that Dennis L. Esch had transferred all of the stock of Dennis Esch Farms, Inc., to his son Scott Esch, and for the reason that Kathleen H. Esch had transferred all of the stock of Kathleen Esch Farms, Inc., to her son Scott Esch.

20.  The United States Department of Agriculture requested a review by the Director, National Appeals Division, United States Department of Agriculture ("National Appeals Division"), of the Hearing Officer's April 28, 2006, determinations.

21.  The United States Department of Agriculture's requests for the National Appeals Division to review the Hearing Officer's determination are assigned Case No. 2006W00434 and Case No. 2006W00435.

22.  Case No. 2006W00434 and Case No. 2006W00435 are currently pending.

23.  On August 7, 2006, Scott Esch transferred, pursuant to consideration received, all of the stock of Dennis Esch Farms, Inc., to Dennis L. Esch.

24.  On August 7, 2006, Scott Esch transferred, pursuant to consideration received, all of the stock of Kathleen Esch Farms, Inc., to Kathleen H. Esch.

25.  After the transfer of stock from Scott Esch to Dennis L. Esch, Scott Esch has no ownership interest in Dennis Esch Farms, Inc.

26.  After the transfer of stock from Scott Esch to Kathleen H. Esch, Scott Esch has no ownership interest in Kathleen Esch Farms, Inc.

27.  On September 29, 1999, a separate group of Esch siblings ("Esch Siblings") filed a civil action in this district entitled, *David Esch, Donald Esch, Judith Esch Brown, Paul Esch, Raymond Esch, Regina Worthington, General Partners Doing Business as Horsecreek Farms*, Civil Action No. 99-M-1896, in which the Esch Siblings challenged a certain decision of the United States Department of Agriculture concerning the use of administrative offsets.  ("APA Review Case").

28.  Prior to the Esch Siblings filing the APA Review Case in this district, the Esch Siblings had filed a civil action in the United States District Court for the District of Columbia which was entitled, *David Esch, Donald Esch, Judith Esch Brown, Paul Esch, Raymond Esch, Regina Worthington, General Partners Doing Business as Horsecreek Farms*, ("Washington, D.C. APA Review Case").

29.  Pursuant to the Esch Siblings' motion, the Washington D.C. APA Review Case was transferred to this district and assigned Civil Action No. 00-M-957.

30.  On July 16, 2004, the Court entered a Memorandum Opinion and Order in the Washington D.C. APA Review Case in which the Court affirmed the certain decision of the United States Department of Agriculture concerning the use of administrative offsets.

31.  On July 19, 2004, a Judgment was entered in the Washington D.C. APA Review Case, pursuant to the Court's July 16, Memorandum Opinion and Order.

32.  On September 13, 2004, the Esch Siblings filed a Notice of Appeal in the Washington D.C. APA Review Case.

33.  On July 26, 2005, the Esch Siblings dismissed their appeal in the Washington D.C. APA Review Case.

34.  Thereafter, the Judgment in the Washington D.C. APA Review Case became final.

35.  On October 4, 2004, the Court entered an Order on Cross Motions for Summary Judgment in the APA Review Case which resolved all remaining issues related to the Washington D.C. Review Case and the APA Review Case.

36.  On October 6, 2004, a Judgment was entered in the APA Review Case, pursuant to the Court's October 4, 2004, Order on Cross Motions for Summary Judgment.

### III.  SCOPE OF SETTLEMENT

37.  This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, causes of action, and demands of whatever nature that Plaintiff United States of America, acting through the Farm Service Agency, United States Department of Agriculture, has, had, or may have against Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts

and events subject to National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

38.  This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, causes of action, counterclaims, and demands of whatever nature that Defendant Patrick J. Esch has, had, or may have against the United States of America, the United States Department of Agriculture, the Farm Service Agency, their agents, and/or employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of the National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

39.  This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, causes of action, counterclaims, and demands of whatever nature that Defendant Arlene K. Esch has, had, or may have against the United States of America, the United States Department of Agriculture, the Farm Service Agency, their agents, and/or employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of the National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

40.  This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, causes of action, counterclaims, and demands of whatever nature that Defendant Dennis L. Esch and Dennis Esch Farms, Inc., jointly and severally, have, had, or may have against the United States of America, the United States Department of Agriculture, the Farm Service Agency, their agents, and/or

employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

41.  This Stipulated Settlement Agreement shall constitute a complete and final settlement of all claims, and causes of action, counterclaims, and demands of whatever nature that Kathleen H. Esch and Kathleen Esch Farms, Inc., jointly and/or severally, have, had, or may have against the United States of America, the United States Department of Agriculture, the Farm Service Agency, their agents, and/or employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

42.  The terms and conditions of this Stipulated Settlement Agreement are the entire terms and conditions of the parties' agreement and no other rules and regulations such as those of the Farm Service Agency and/or the Farm Loan Program shall apply to the terms and conditions of this Stipulated Settlement Agreement.

43.  The parties shall each bear their own costs and attorneys' fees related to this civil action and related to the National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

44.  Each and every term and condition of this Stipulated Settlement Agreement is deemed to be and is a material provision of this Stipulated Settlement Agreement.

## IV.  SPECIFIC PROVISIONS

### A.  Dollar Settlement Amount

45.  The total dollar consideration for this Stipulated Settlement Agreement is $220,327 which amount is composed of the following:

    A.  $185,000; and

    B.  $35,327 in administrative offsets previously collected from Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc.

46.  Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally, shall pay the United States:

    A.  $15,000 within 15 days of the filing of this Stipulated Settlement Agreement with the Court;

    B.  $170,000 in 5 equal yearly payments of $34,000;

    C.  The first yearly payment shall be and is due on or before November 1, 2007;

    D.  Each yearly payment thereafter shall be due and owing on or before November 1 of each following year.

47.  Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch shall make the above-referenced payments by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the United States Department of Justice account in accordance with current electronic funds transfer procedures, referencing Civil Action No. 98-cv-02762-RPM and USAO Case Number 1996V02460.  Each payment shall be made in accordance with instructions provided to

Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Colorado.  Any payments received by the United States Department of Justice after 4:00 p.m. (Eastern Standard Time) will be credited on the next business day.

48.  Upon payment of each payment required by this Stipulated Settlement Agreement, the Defendants shall provide written notice to Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency, at the addresses specified in Section V. D of this Stipulated Settlement Agreement, that such payment was made in accordance with this Stipulated Settlement Agreement.

**B.  Consent Judgment**

49.  A Consent Judgment shall be prepared and executed by Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally.

50.  The Consent Judgment shall be in the amount of $583,881.46.

51.  In the event that Defendants, jointly and severally, fulfill each and every term and condition of this Stipulated Settlement Agreement, the Consent Judgment shall not be filed with the Court.

**C.  National Appeals Division Cases**

52.  Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, stipulate and agree to withdraw their challenges to the Farm Service Agency's use of administrative offsets

11

from Conservation Reserve Program payments that have been received by Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc., to collect a debt owed by Dennis L. Esch and/or Kathleen H. Esch to the United States Department of Agriculture that is currently pending as Case No. 2006W000434 and Case No. 2006W000435 with the National Appeals Division.

53.  Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, stipulate and agree to file any and all documents to effectuate the termination of Case No. 2006W000434 and Case No. 2006W000435 currently pending with the National Appeals Division in such a manner as to affirm and validate the Farm Service Agency's use of administrative offsets from Conservation Reserve Program payments to be received by Dennis Esch Farms, Inc., and Kathleen Esch Farms, Inc., to collect a debt owed by Dennis L. Esch and/or Kathleen H. Esch to the United States Department of Agriculture.

**D.  Assignments of United States Department of Agriculture Program Payments**

54.  Defendant Patrick J. Esch hereby assigns and agrees to execute an assignment and all other documents and forms that are deemed necessary to assign his, Patrick Farms, Inc.'s, and any other of Patrick J. Esch's corporations', companies' and/or entities' United States Department of Agriculture program payments to the Farm Service Agency for the purpose of securing the yearly payments required to be made pursuant to this Stipulated Settlement Agreement.

55.  Defendant Arlene K. Esch hereby assigns and agrees to execute an assignment and all other documents and forms that are deemed necessary to assign her, Arlene Esch Farms, Inc.'s, and any other of Arlene K. Esch's corporations', companies' and/or entities' United States Department of Agriculture program payments to the Farm Service Agency for the purpose of securing the yearly payments required to be made pursuant to this Stipulated Settlement Agreement.

56.  Defendant Dennis L. Esch hereby assigns and agrees to execute an assignment and all other documents and forms that are deemed necessary to assign his, Dennis Esch Farms, Inc.'s, and any other of Dennis L. Esch's corporations', companies' and/or entities' United States Department of Agriculture program payments to the Farm Service Agency for the purpose of securing the yearly payments required to be made pursuant to this Stipulated Settlement Agreement.

57.  Defendant Kathleen H. Esch hereby assigns and agrees to execute an assignment and all other documents and forms that are deemed necessary to assign her, Kathleen Esch Farms, Inc.'s, and any other of Kathleen H. Esch's corporations', companies' and/or entities' and her corporations' and/or her companies' United States Department of Agriculture program payments to the Farm Service Agency for the purpose of securing the yearly payments required to be made pursuant to this Stipulated Settlement Agreement.

58.  Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, each stipulate and agree that they, jointly and

severally, shall not assign and/or transfer to any person, corporation, company, association and/or entity of whatever nature, the United States Department of Agriculture program payments that they and/or their corporations', companies', and/or entities', jointly and/or severally, currently receive or may receive in the future until such time as this Stipulated Settlement Agreement is fully and completely satisfied or, in the event that the Consent Judgment is filed in a separate civil action, until such time as the Consent Judgment is satisfied.

59.  Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, each stipulate and agree that in the event that a yearly payment required by this Stipulated Settlement Agreement is not timely made, the United States Department of Agriculture, the Farm Service Agency, and/or the Farm Loan Program may, in their sole discretion, administratively offset the amount of such unpaid yearly payment that is required by this Stipulated Settlement Agreement from any United States Department of Agriculture program payment that is to be received by Defendant Patrick J. Esch, Patrick Esch Farms, Inc., Defendant Arlene K. Esch, Arlene Esch Farms, Inc., Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, Kathleen Esch Farms Inc., and/or any corporation, company or other entity in which any of the aforementioned individuals and/or corporations have an interest and/or may have an interest in the future.

60.  Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, each stipulate and agree that in the event that

14

the Consent Judgment is filed in a separate civil action, the United States Department of Agriculture, the Farms Service Agency, and/or the Farm Loan Program may, in their sole discretion, administratively offset any United States Department of Agriculture program payment that is to be received by Defendant Patrick J. Esch, Patrick Esch Farms, Inc., Defendant Arlene K. Esch, Arlene Esch Farms, Inc., Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, Kathleen Esch Farms Inc., and/or any corporation, company or other entity in which any of the aforementioned individuals and/or corporations have an interest and/or may have an interest in the future until such time as the Consent Judgment is satisfied.

**E.  Administrative Offsets**

61.  Plaintiff United States, the United States Department of Agriculture and the Farm Services Agency shall take what actions are necessary to cause the Social Security Administration to terminate any and all setoffs related to payments received by Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch.

62.  Plaintiff United States, the United States Department of Agriculture, and the Farm Services Agency shall take what actions are necessary to cause the United States Department of Agriculture, the Farm Service Agency, and/or the Farm Loan Program to terminate any and all administrative offsets related to United States Department of Agriculture program payments received by Defendant Patrick J. Esch,

Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch Farms, Inc.,

Defendant Kathleen H. Esch and Kathleen Esch Farms, Inc.

**F. Releases**

63.  Upon the full and complete satisfaction by all Defendants of this Stipulated

Settlement Agreement, Plaintiff United States, the United States Department of

Agriculture, and the Farm Service Agency release Defendant Patrick J. Esch,

Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H.

Esch, jointly and severally, from all claims, causes of action, and demands of whatever

nature that Plaintiff United States of America, acting through the Farm Service Agency,

United States Department of Agriculture, has, had, or may have against Defendant

Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch

Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and

severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3,

and/or the facts and events that are the subject of National Appeals Division Case No.

2006W00434 and Case No. 2006W00435.

64.  Upon the full and complete satisfaction by Plaintiff United States, the United

States Department of Agriculture and the Farm Service Agency of this Stipulated

Settlement Agreement, Defendant Patrick J. Esch, Defendant Arlene K. Esch,

Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and

Kathleen Esch Farms, Inc., jointly and severally, release the United States from all

claims, causes of action, counterclaims, and demands of whatever nature that

Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, Dennis Esch Farms, Inc., Defendant Kathleen H. Esch, and Kathleen Esch Farms, Inc., jointly and severally, have, had, or may have against the Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency, their agents, and/or their employees, jointly and severally, arising from Promissory Note 1, Promissory Note 2, Promissory Note 3, and/or the facts and events that are the subject of National Appeals Division Case No. 2006W00434 and Case No. 2006W00435.

## V.  ENFORCEMENT PROVISIONS

### A.  Violations of the Stipulated Settlement Agreement by Defendants

65.  In the event that Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally, violate any of the terms and conditions of this Stipulated Settlement Agreement, Plaintiff United States shall notify in writing Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, at the addresses specified in Section V. D of this Stipulated Settlement Agreement, of the violation(s) of the terms and conditions of this Stipulated Settlement Agreement.

66.  Receipt of the notice of violation(s) referred to in this Stipulated Settlement Agreement by any one of Defendants shall be deemed notice to all Defendants.

67.  Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and/or Defendant Kathleen H. Esch shall have 30 days from the date of the

notice of violation(s) referred to in this Stipulated Settlement Agreement to cure the stated violation(s) of this Stipulated Settlement Agreement.

68.  In the event, that the stated violation(s) is not cured within 30 days of the date of the notice referred to in this Stipulated Settlement Agreement, Plaintiff United States will initiate a separate civil action in the United States District Court for the District of Colorado and file the Consent Judgment.

69.  In the event that the Consent Judgment is filed in a separate civil action, Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and severally, waive any and all defenses to the entry of the Consent Judgment.

70.  In the event that the Consent Judgment is filed with the court, Plaintiff United States will thereafter file a pleading setting forth the amount, if any, that has been paid by Defendants, pursuant to this Stipulated Settlement Agreement, and will move for an order reducing the amount of the Consent Judgment by the amount, if any, that has been paid by Defendants, pursuant to this Stipulated Settlement Agreement.

71.  The Consent Judgment shall not be filed unless and until Defendant Patrick J. Esch, Defendant Arlene K. Esch, Defendant Dennis L. Esch, and Defendant Kathleen H. Esch, jointly and/or severally, violate any of the terms and conditions of this Stipulated Settlement Agreement and fail to timely cure such violation(s).

**B.  Violations of the Stipulated Settlement Agreement by Plaintiff**

72.  In the event that Plaintiff United States, the United States Department of Agriculture, and/or the Farms Service Agency violate any of the terms and conditions of this Stipulated Settlement Agreement, Defendants shall notify in writing Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency, at the addresses specified in Section V. D of this Stipulated Settlement Agreement, of the violation(s) of the terms and conditions of this Stipulated Settlement Agreement.

73.  In the event that Plaintiff United States, the United States Department of Agriculture, and/or the Farm Service Agency violate any of the terms and conditions of this Stipulated Settlement Agreement, Defendants are required to notify Plaintiff United States, the United States Department of Agriculture, and the Farm Service Agency individually and separately.

74.  Plaintiff United States, the United States Department of Agriculture, and/or the Farm Service Agency shall have 45 days from the date of the notice of violation(s) referred to in this Stipulated Settlement Agreement to cure the stated violation(s) of this Stipulated Settlement Agreement.

75.  In the event, that the stated violation(s) is not cured within 45 days of the date of the notice referred to in this Stipulated Settlement Agreement, Defendants, jointly and severally, may institute suit in the United States District Court for the District of Colorado to enforce this Stipulated Settlement Agreement.

**C.  Civil Action to Enforce this Stipulated Settlement Agreement**

76.  The parties stipulate and agree that this Court shall not retain jurisdiction to enforce this Stipulated Settlement Agreement.

77.  The parties stipulate and agree that in the event that this Stipulated Settlement Agreement is violated that a separate civil action may be filed in the United States District Court for the District of Colorado for the purpose of enforcing the terms and conditions of this Settlement Agreement.

78.  The parties stipulate and agree that any separate civil action filed to enforce this Stipulation of Settlement must be brought in the United States District Court for the District of Colorado.

79.  Should any party be required to bring legal action to enforce this Settlement Agreement, the party instituting legal action, if the prevailing party, shall be entitled to reasonable attorneys' fees and costs.

**D.  Addresses**

80.  In the event that Defendants are required, pursuant to this Stipulated Settlement Agreement, to notify Plaintiff United States, the United States Department of Agriculture and the Farm Service Agency, Defendants shall use the following addresses:

        A.  United States of America:

           Chief, Civil Division
           Attn:  Stephen D. Taylor, Esq.
           United States Attorney's Office
           1225 Seventeenth Street
           Suite 700
           Denver, CO 80202

C.  Farm Service Agency:

Colorado Farm Service Agency
Attn:  Mr. Scott Miller
Farm Loan Specialist
655 Parfet
Suite E-305
Lakewood, CO 80215

81.  In the event that Plaintiff United States is required, pursuant to this Stipulated Settlement Agreement, to notify Defendants, Plaintiff United States shall use the following addresses:

A.  Patrick J. Esch
717 Colorado Street
Springfield, CO 81073

B.  Arlene K. Esch
717 Colorado Street
Springfield, CO 81073

C.  Dennis L. Esch
2006 N 101st Circle
Omaha NE 68134-5516

D.  Kathleen H. Esch
2006 N 101st Circle
Omaha NE 68134-5516

**D.  Other Provisions**

82.  This Stipulated Settlement Agreement shall not be considered consummated and shall be of no force and effect until filed with the Court.

83.  Contemporaneously with the filing of this Stipulated Settlement Agreement with the Court, the parties shall file a Stipulation of Dismissal which shall provide that this civil action shall be dismissed with prejudice, each party to bear their own costs and attorneys' fees.

WILLIAM J. LEONE
United States Attorney

s/Stephen D. Taylor
STEPHEN D. TAYLOR
Assistant U.S. Attorney
1225 Seventeenth Street
Suite 700
Denver, CO 80202

Telephone: (303) 454-0100
Fax:        (303) 454-0408
E-mail:     stephen.taylor@usdoj.gov
Counsel for Plaintiffs


UNITED STATES DEPARTMENT
 OF AGRICULTURE

s/ Lewis A. Frank
LEWIS A. FRANK
State Executive Director
Farm Service Agency
655 Parfet Street
Suite E 305
Lakewood, CO 80215

BALLEW SCHNEIDER COVALT
GAINES & ENGDAHL LLP

s/K.C. Engdahl
K.C. ENGDAHL, ESQ.
1625 Farnam Street
Suite 300
Omaha, NE 68102

Telephone:  (402) 934-9499
Fax:        (402) 934-7730
E-mail:     kc@bsclawfirm.com
Counsel for Defendants


s/Patrick J. Esch
PATRICK J. ESCH
717 Colorado Street
 Springfield, CO 81073
Defendant


s/Arlene K. Esch
ARLENE K. ESCH
717 Colorado Street
Springfield, CO 81073
Defendant


s/Dennis L. Esch
DENNIS L. ESCH
2006 N 101st Circle
Omaha NE 68134-5516
Defendant


s/Kathleen H. Esch
KATHLEEN H. ESCH
2006 N 101st Circle
Omaha NE 68134-5516
Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on August 23, 2006, I electronically filed the foregoing with

the Clerk of Court using the ECF system which will send notification of such filing to the

following e-mail addresses:

K.C. Engdahl, Esq.                                kc@bsclawfirm.com


                                                 s/Stephen D. Taylor_____
                                                 STEPHEN D. TAYLOR
                                                 Assistant United States Attorney
                                                 1225 Seventeenth Street, Suite 700
                                                 Denver, Colorado  80202
                                                 Telephone:  (303) 454-0100
                                                 Fax:          (303) 454-0408
                                                 stephen.taylor@usdoj.gov

                                                 Counsel for Plaintiff